# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN
# CIVIL ACTION NO. 1:10CV-P96-R

**MICHAEL NEIL BROWN**                                                                   **PETITIONER**

**v.**

**COMMONWEALTH OF KENTUCKY**                                       **RESPONDENT**

## MEMORANDUM AND ORDER

Petitioner Michael Neil Brown filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. In addition, Brown filed motions for appointment of counsel, for an evidentiary hearing, and for the production of a defense expert witness.

**A.**     **Motions for appointment of counsel, evidentiary hearing, and expert witness**

To determine whether an evidentiary hearing in a habeas action is warranted, "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7." Rule 8(a) of the Rules Governing § 2254 Cases. "If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 8(c) of the Rules Governing § 2254 Cases. Additionally, "[i]f necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 6(a) of the Rules Governing § 2254 Cases. Otherwise, appointment of counsel in a § 2254 action may be provided when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In determining whether appointment of counsel is required for prisoners seeking habeas relief . . ., the court should consider the factual and legal complexities of the case, the prisoner's ability to

investigate and present claims, the existence of conflicting testimony, and any other relevant factors." *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

Because an answer has not yet been filed, this Court is without all the information needed to make an evidentiary-hearing determination at this early stage in the litigation. Consequently, the request for an evidentiary hearing is premature. Moreover, the motion for the production of an expert witness and the request for appointment of counsel are also premature for the same reasons, and the Court does not believe that the interests of justice require the appointment of counsel at this early stage of the litigation. Therefore,

**IT IS ORDERED** that Brown's motion for appointment of counsel (DN 2), motion for evidentiary hearing (DN 3), and motion for the production of an expert witness (DN 4) are **DENIED**. Nothing in this Order, however, shall preclude Brown from requesting appointment of counsel and/or an evidentiary hearing or leave of Court to conduct discovery at a future point in this action should additional circumstances arise to justify such relief.

**B.  Habeas petition**

Upon preliminary consideration of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court ordered Brown to show cause why his petition should not be dismissed as untimely. Brown filed a response in which he contends that his petition should not be barred by the statute of limitations because he is entitled to statutory or equitable tolling. Upon consideration, **IT IS ORDERED** as follows:

(1)  The Clerk of Court **shall effect service** of the petition (DN 1) and Brown's response to the Court's show-cause order (DN 10) on Respondent and the Attorney General for the Commonwealth of Kentucky.

(2) Respondent shall file an answer herein within **40 days** from the date of entry of this Order. Respondent may limit the answer at this stage to the issues of timeliness and the applicability of statutory and/or equitable tolling.

(3) Petitioner may file a reply no later than **15 days** following service of Respondent's answer.

(4) This matter is **referred to Magistrate Judge E. Robert Goebel** pursuant to 28 U.S.C. §§ 636(b) for appropriate hearings, if any, findings of fact, and recommendations for disposition.

Date:

cc: Petitioner, *pro se*
    Respondent
    Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
    Magistrate Judge Goebel
4413.010